IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FRANK JONES, #118930, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:09-CV-577-WKW |
| | ) [WO] |
| | ) |
| WILLIE THOMAS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is before the court on a complaint filed by Frank Jones ["Jones"], a former state inmate, in which he presents a claim arising during his incarceration at the Elmore Correctional Center against warden Willie Thomas, correctional officer Prince Lewis and Sgt. Susan Clemons.[1] Specifically, Jones asserts that on June 4, 2009 the defendants acted with deliberate indifference to his safety by failing to protect him from attack by another inmate. Jones seeks monetary damages for the alleged violation of his constitutional rights. Compl. (Doc. No. 1) at 6.

The defendants filed a special report and relevant supporting evidentiary materials, including affidavits and internal reports/records, addressing Jones's claim for relief.

---

[1] The defendants advise that the correct name of Sgt. Clements is Sgt. Susan Clemons. The plaintiff does not dispute that Clemons is the proper name for this defendant and all evidentiary materials submitted by the defendants reference Sgt. Susan Clemons. Thus, for purposes of this Recommendation, the court will reference this defendant by her correct name.

Pursuant to the orders entered in this case, the court deems it appropriate to construe this report as a motion for summary judgment. October 20, 2009 Order (Doc. No. 17). Thus, this case is now pending on the defendants' motion for summary judgment. Upon consideration of this motion, the evidentiary materials filed in support thereof, and the plaintiff's response to the motion, the court concludes that the defendants' motion for summary judgment is due to be granted.

## II.  STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation to former rule omitted); Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").[2] The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings,

---

[2] Effective December 1, 2010, Rule 56 was "revised to improve the procedures for presenting and deciding summary-judgment motions." Fed. R. Civ. P. 56 Advisory Committee Notes. Under this revision, "[s]ubdivision (a) carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word – genuine 'issue' becomes genuine 'dispute.' 'Dispute' better reflects the focus of a summary-judgment determination." *Id*. "'Shall' is also restored to express the direction to grant summary judgment." *Id*. Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior versions of the rule remain equally applicable to the current rule.

discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue [- now dispute -] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-24.

The defendants have met their evidentiary burden and demonstrated the absence of any genuine dispute of material fact. Thus, the burden shifts to the plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed. R. Civ. P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact by [citing to materials in the record including affidavits, relevant documents or other materials] the court may . . . grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it."). A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

> In civil actions filed by inmates, federal courts must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

3

*Beard v. Banks*, 548 U.S. 521, 530 (2006) (internal citation omitted). Consequently, to survive the defendants' properly supported motion for summary judgment, Jones is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claim of a constitutional violation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Fed. R. Civ. P. 56(e). "If the evidence [on which the nonmoving party relies] is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Id*. at 249-50. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-77 (11th Cir. 1990). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Assocs., Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (A plaintiff's "conclusory assertions . . . , in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (The grant of summary judgment is appropriate where an inmate produces nothing beyond "his own conclusory allegations" challenging actions of the defendants.); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("[M]ere verification of party's own conclusory allegations is not sufficient to oppose summary judgment. . . ."). Hence, when a plaintiff

fails to set forth specific facts supported by requisite evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Indus., Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (If on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate.).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Sec'y of the Dep't of Children & Family Servs.*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party,

5

there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court, which is admissible on its face or which can be reduced to admissible form, indicates there is no genuine dispute of material fact and the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-24 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show no genuine dispute as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (nonmoving party must produce evidence such that reasonable trier of fact could return a verdict in his favor in order to establish a genuine dispute of material fact).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact. *Beard*, 548 U.S. at 525; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, the plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. In this case, Jones fails to demonstrate a requisite genuine dispute of material fact in order to preclude summary judgment. *Matsushita*, *supra*.

### III.  DISCUSSION

### A.  Uncontested Material Facts

On May 27, 2009, Sgt. Clemons removed inmate Alphonzo Martin from the general population at the Elmore Correctional Center due to his unruly behavior and referred Martin to mental health professionals at the Staton Correctional Facility for evaluation.  Martin remained in the Mental Health Crisis Unit at Staton under observation for four or five days until mental health personnel determined he should be returned to the general population at Elmore.  The defendants "are not trained in the field of psychiatry and, therefore, [are] not qualified to dispute Mental Health Management's decision to release inmate Martin from mental health observation."  Defs.' Ex. 2 (Doc. No. 15-2 – Aff. of Susan Clemons) at 2; Defs.' Ex. 1 (Doc. No. 15-1 – Aff. of Willie Thomas) at 2 (same).  On June 4, 2009, after his release from the mental health unit, inmate Martin, without warning or provocation, assaulted Jones by cutting his neck with a razor blade.  Jones immediately reported this attack to officer Lewis who was present in the dorm near the area of the attack.  Lewis observed a laceration to Jones's neck, contacted his supervisor to report the attack, and escorted Jones to the shift office.

Within minutes of the incident, correctional officers Rasberry and Wilson escorted Jones to the health care unit at Staton for treatment of the injury to his neck.  The on-duty nurse examined Jones and noted a "cut to [left] side of neck approximately 8" in length 2-3 centimeters at deepest sight."  Defs.' Ex. 1 (Doc. No. 15-1 – Body Chart) at 5.  The nurse

7

cleaned the wound and applied a pressure dressing to the laceration. *Id.* After consultation with the facility's physician, the nurse advised correctional officials that Jones should be taken to the Elmore County Hospital for application of stitches. *Id.* Pursuant to these instructions, Jones was transported to the Elmore County Hospital for the necessary treatment.

### B. Absolute Immunity

With respect to the claims Jones lodges against the defendants in their official capacities, they are entitled to absolute immunity from monetary damages. Official capacity lawsuits are "in all respects other than name, . . . treated as a suit against the entity." *Kentucky v. Graham*, 473 U. S. 159, 166 (1985). "A state official may not be sued in his [or her] official capacity unless the state has waived its Eleventh Amendment immunity, *see Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984), or Congress has abrogated the state's immunity, *see Seminole Tribe v. Florida*, [517 U.S. 44, 59], 116 S.Ct. 1114, 1125, 134 L.Ed.2d 252 (1996). Alabama has not waived its Eleventh Amendment immunity, *see Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990) (citations omitted), and Congress has not abrogated Alabama's immunity. Therefore, Alabama state officials are immune from claims brought against them in their official capacities." *Lancaster v. Monroe Cnty.*, 116 F.3d 1419, 1429 (11th Cir. 1997).

In light of the foregoing, the defendants are entitled to sovereign immunity under the

Eleventh Amendment for claims seeking monetary damages from them in their official capacities. *Lancaster*, 116 F.3d at 1429; *Jackson v. Georgia Dep't of Transp.*, 16 F.3d 1573, 1575 (11th Cir. 1994); *Parker v. Williams*, 862 F.2d 1471 (11th Cir. 1989).

### C. Deliberate Indifference to Safety

Jones alleges the defendants failed to protect him from attack by Martin. In support of this claim, Jones maintains the defendants had knowledge of a recent incident where "Martin attacked a picture window bulletin board with his bare hands causing glass to fly all over the dorm area . . . and [knew] this prisoner (Martin) had previously assaulted other prisoners. . . ." Br. in Support of Compl. (Doc. No. 2) at 1.

In their affidavits, the defendants adamantly deny they acted with either callous disregard or deliberate indifference to Jones's safety. Defs.' Ex. 1 (Doc. No. 15-1 – Aff. of Willie Thomas); Defs.' Ex. 2 (Doc. No. 15-2 -- Aff. of Susan Clemons). Specifically, the defendants maintain that at the time of the attack by Martin they had no knowledge of any risk of danger to Jones nor any reason to believe Jones faced a substantial risk of harm from Martin as Martin had been cleared for placement in general population by the mental health staff. *Id*. The record before this court supports this assertion as it is undisputed that on May 27, 2009 defendant Clemons removed Martin from the general population at Elmore and referred him for mental health treatment due to his damaging state property. The record further demonstrates that after confinement in the mental health unit and evaluation by mental health professionals for several days immediately preceding the attack, mental health

9

personnel determined Martin should be returned to the prison's general population and released him from the mental health unit for such return. Correctional officials, including the defendants, relied on the assessment provided by mental health professionals in placing Martin in the general population at Elmore.

Correctional officials may be held liable under the Constitution for acting with "deliberate indifference" to an inmate's safety when the official knows that the inmate faces "a substantial risk of serious harm" and with such knowledge disregards that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "It is not, however, every injury suffered by one inmate at the hands of another that translates into a constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834. A constitutional violation occurs only "when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not 'respond[] reasonably to the risk.' *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1982-83, 128 L.Ed.2d 811 (1994). A plaintiff must also show that the constitutional violation caused his injuries." *Marsh v. Butler Cnty.*, 268 F.3d 1014, 1028 (11th Cir. 2001) (en banc).

In *Farmer*, the Court identified both objective and subjective elements necessary to establish an Eighth Amendment violation. With respect to the requisite objective elements, an inmate must first show "an objectively substantial risk of serious harm . . . exist[ed]. Second, once it is established that the official is aware of this substantial risk, the official must react to this risk in an objectively unreasonable manner." *Marsh*, 268 F.3d 1028-29.

As to the subjective elements, "***the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference***. . . .  The Eighth Amendment does not outlaw cruel and unusual 'conditions'; it outlaws cruel and unusual 'punishments.' . . . ***[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment***." *Farmer*, 511 U.S. at 837-38 (emphasis added).  "Proof that the defendant should have perceived the risk, but did not, is insufficient." *Campbell v. Sikes*, 169 F.3d 1353, 1364 (11th Cir. 1999) (citing *Farmer*, 511 U.S. at 838); *Cottrell v. Caldwell*, 85 F.3d 1480, 1491 (11th Cir. 1996) (quoting *Farmer*, 511 U.S. at 838) (same).  The conduct at issue "must involve more than ordinary lack of due care for the prisoner's interests or safety. . . .  It is ***obduracy and wantonness, not inadvertence or error in good faith***, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (emphasis added).

> To be deliberately indifferent, Defendants must have been "subjectively aware of the substantial risk of serious harm in order to have had a '"sufficiently culpable state of mind."'" *Farmer*, 511 U.S. at 834-38, 114 S.Ct. at 1977-80; *Wilson v. Seiter*, 501 U.S. 294, 299, 111 S.Ct. 2321, 2324-25, 115 L.Ed.2d 271 (1991). . . .  Even assuming the existence of a serious risk of harm and legal causation, the prison official must be aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists - and the prison official must also "draw that inference." *Farmer*, 511

U.S. at 837, 114 S.Ct. at 1979.

*Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003). "The known risk of injury must be a strong likelihood, rather than a mere possibility before [an official's] failure to act can constitute deliberate indifference." *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) (citations and internal quotations omitted); *Rich v. Bruce*, 129 F.3d 336, 339-40 (4th Cir. 1997) (unless a prison official actually makes the inference that a substantial risk of serious harm exists and then disregards that risk, he does not act with deliberate indifference even though his actions violate prison regulations or can be described as stupid and lazy). As the foregoing makes clear, "[m]erely negligent failure to protect an inmate from attack does not justify liability under section 1983 . . . ." *Brown*, 894 F.2d at 1537. Thus, in order to survive summary judgment on his deliberate indifference claim, Jones is required to produce sufficient favorable evidence demonstrating (1) an objectively substantial risk of serious harm; (2) subjective awareness of this risk on the part of the defendants; (3) the defendants responded to such risk in an objectively unreasonable manner; and (4) the actions/omissions of the defendants caused his injuries. *Farmer*, 511 U.S. at 837-38; *Marsh*, 268 F.3d 1028-29; *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995).

Jones contends the defendants failed to protect him from the attack by Martin. The evidentiary materials before the court establish that this attack did not occur due to the defendants deliberate indifference or reckless disregard to Jones's safety. Specifically, the evidence does not indicate the defendants were aware of facts establishing the existence of

an objectively substantial risk of serious harm to Jones. Moreover, the record is devoid of evidence which shows that the defendants acted with callous disregard for Jones's safety. There is simply nothing before the court indicating the defendants had knowledge of specific facts from which one could objectively infer that Martin posed a substantial risk of serious harm to Jones nor is there any evidence that a defendant actually drew the inference that such a risk existed. Under the circumstances of this case, "to find the Defendants sufficiently culpable would unduly reduce awareness to a more objective standard, rather than the required subjective standard set by the Supreme Court." *Carter*, 352 F.3d at 1350.

While it is unfortunate that Jones suffered a severe injury at the hands of another inmate, the record is completely devoid of evidence that the action about which he complains occurred due to deliberate indifference on the part of the defendants. Initially, there is no evidence before the court of an objectively substantial risk of serious harm posed by Martin to Jones. In addition, the evidence fails to demonstrate an actual, subjective awareness of a substantial risk of such harm by the defendants. Both the objective and subjective components are required elements of the Eighth Amendment claim presented by Jones to this court. Absent the existence of an objectively substantial risk of serious harm and as "Plaintiff has failed to establish that [any] Defendant had a subjective awareness of a substantial risk of serious physical threat to Plaintiff[,] . . . Plaintiff has failed to establish [each] required element of this claim. When viewing the evidence most favorably toward Plaintiff, a claim for deliberate indifference has not been established." *Carter*, 352 F.3d at

1350. Consequently, summary judgment is due to be granted in favor of the defendants.

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The defendants' motion for summary judgment be GRANTED;

2.  Judgment be GRANTED in favor of the defendants;

3.  This case be dismissed with prejudice; and

4.  The costs of this proceeding be taxed against the plaintiff.

It is further

ORDERED that on or before **September 20, 2012**, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en

banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 6th day of September, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE